# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DERRICK HOWARD,

    **Plaintiff,**

v.

FARMERS INSURANCE COMPANY,
INC., MID-CENTURY INSURANCE
COMPANY, GREGORY SCHER,
WOLLS PEER DOLLINGER &
SCHER, and KIMBERLY HASKINS,

    **Defendants.**

Case No. 18-4011-DDC-GEB

## MEMORANDUM AND ORDER

On July 23, 2019, the court granted defendants' Motions to Dismiss and entered judgment dismissing plaintiff's case. Docs. 42 & 43. On October 21, 2019, plaintiff filed a Motion for Copy of Memorandum and Order and Motion to File a Fed. R. Civ. P. 59(e) or 60(b) Motion Out of Time. Doc. 44. Plaintiff is incarcerated and proceeds pro se.[1] Plaintiff asserts that he did not receive a copy of the court's Order on the Motions to Dismiss. Doc. 44 at 2–3. Plaintiff thus requests a copy of the court's Order and asks the court for an extension of time to file a motion to alter or amend the judgment and/or for relief from judgment. Doc. 44 at 3–5. Defendants oppose plaintiff's motion to the extent it seeks leave to file a Rule 59(e) and/or 60(b) motion. Doc. 45.

---

[1]     Because plaintiff proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.     Extension of Time to File Rule 59(e) and/or Rule 60(b) Motion

The Federal Rules of Civil Procedure do not permit extensions of time for filing motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgment under Rule 60(b).  *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules . . . 59(e) . . . and 60(b)."); *see also Allen v. Schmutzler*, 401 F. App'x 355, 357 n.3 (10th Cir. 2010) (explaining district courts are prohibited from extending the time to file a motion for reconsideration under 59(e) or 60(b)); *Brown v. McKune*, 162 F. App'x 795, 796 (10th Cir. 2006) (explaining that the Tenth Circuit has "consistently held a district court is without authority to extend the time for filing a Rule 59(e) motion"); *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000) (explaining that "Rule 59 provides no exceptions" to the 28-day time requirement, and thus, "the district court lacked authority to grant Appellant's motion for additional time to file her 59(e) motion.").  So, the court lacks legal authority to grant the Rule 6(b)(2) motion and extension that plaintiff requests.

### *Rule 59(e)*

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  And the time for plaintiff to file such a motion to alter or amend the judgment has expired here.  Because the Federal Rules of Civil Procedure prohibit the court from granting any extension of time to file a Rule 59(e) motion, the court denies plaintiff's motion seeking such relief.  *See* Fed. R. Civ. P. 6(b)(2).

### *Rule 60(b)*

A Rule 60(b) motion "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).[2] A motion to reconsider on the grounds recognized in Rule 60(b)(1), (2), or (3) may be filed "no

---

[2]     Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons:

more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). And, such a motion "is not timely merely because it has been filed within one year of the judgment." *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990). Instead, the timeliness depends on the facts of each case. *United States v. Lyman*, No. 98-4109, 1998 WL 894950, at *4 (10th Cir. Dec. 24, 1998). To determine whether a Rule 60(b) motion is timely, "the court examines 'the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" *Mullin v. High Mountain*, 182 F. App'x 830, 833 (10th Cir. 2006) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)); *see also Saggiani v. Strong*, 718 F. App'x 706, 710 (10th Cir. 2018).

Defendants argue that plaintiff has failed to file a Rule 60(b) motion within a reasonable time. *See* Doc. 45 at 3–4. Because the time for appeal has passed, defendants contend, "the interest of finality must be given great weight." *Id.* at 3 (citing *Ashford*, 657 F.2d 1053). Defendants assert that plaintiff continually has sought to delay this proceeding and the current request is yet another attempt to delay. *Id.* at 4. And, defendants claim, plaintiff had a duty to monitor the docket and his motion shows he failed to do so. *Id.* at 5. So, defendants argue, the interests of judicial economy and efficiency support a conclusion that the time to file a Rule 60(b) motion has passed and defendants are entitled to finality. *Id.* at 4.

---

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's current motion doesn't specifically identify which part of Rule 60(b)(1)-(6) he invokes to seek relief from judgment. Indeed, plaintiff's motion indicates he does not have a copy of the court's previous Order to determine what grounds could exist.[3] Without knowing the grounds, if any, on which plaintiff seeks relief, the court cannot determine whether the "reasonable time" in which plaintiff must file a Rule 60(b) motion has expired. *Cf. Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006) (noting that a motion made under Rule 60(b)(4) "may be brought at any time" and a motion under Rule 60(b)(6) "must be brought within a reasonable time," which could exceed one year); *United States v. Buck*, 281 F.3d 1336, 1340 (10th Cir. 2002) (explaining that, in the interest of having closure for litigation, motions for relief from judgment that are filed "long after the time for appeal [has] expired" should be granted only for compelling reasons). Regardless, under the Federal Rules of Civil Procedure the court lacks authority to grant plaintiff's request for an extension of time to file a Rule 60(b) motion. So, the court denies plaintiff's motion seeking such relief. *See* Fed. R. Civ. P. 6(b)(2).

**II.     Extension of Time to File an Appeal**

Plaintiff also contends he was "deprived of his Constitutional right to file a timely notice of appeal." Doc. 44 at 5. Because plaintiff proceeds pro se, the court liberally construes plaintiff's motion seeking to file a Rule 59(e) or Rule 60(b) motion out of time as one that seeks an extension of time to file an appeal. *See Jenkins v. Burtzloff*, 69 F.3d 460, 463 (10th Cir. 1995)

---

[3]     Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003) (citations and internal quotation marks omitted). A losing party may not invoke Rule 60(b) to rehash or restate issues already addressed, or present new arguments that the party could have raised in earlier filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992) (explaining that a party may not invoke Rule 60(b) to revisit issues already addressed or "advanc[e] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" (citation and internal quotation marks omitted)). And, the party seeking relief from a judgment bears the burden to demonstrate adequate prerequisites entitling him to such relief. *Id.* at 1243–44 (explaining that a movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.").

4

(explaining that a pro se litigant must make a manifest request for additional time for a court to find the litigant has made a request for an extension of time to file an appeal because a mere notice of appeal, without anything "suggesting a request for extension of time or even a recognition of the lateness problem," is insufficient and cannot be treated as a motion for extension of time); *Ogden v. San Juan Cty.*, 32 F.3d 452, 454–55 (10th Cir. 1994) (discussing the Tenth Circuit's previous remand order to the district court to determine if it should reopen the time to appeal where plaintiff claimed he did not receive the district court's order dismissing the case and Tenth Circuit concluded "[b]ecause by proffering an excuse, the plaintiff appeared to recognize he had a timeliness problem, we liberally construe the notice of appeal as a motion to reopen for appeal pursuant to Fed. R. App. P. 4(a)(6)").

Under the Federal Rules of Appellate Procedure, an appellant must file a notice of appeal in a civil case "within 30 days after the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This 30-day period may be tolled by filing a timely Rule 59(e) or Rule 60(b) motion, *i.e.*, if motions under those rules are filed no later than 28 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(A)(iv), (vi); *see also Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006); *Weitz*, 214 F.3d at 1178. And, a district court "may extend the time to file a notice of appeal" if the party seeking to appeal moves for an extension "no later than 30 days after" the time to appeal has expired and "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A); *see also Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1256 (10th Cir. 1990). Here, the periods for filing a Rule 59(e) or Rule 60(b) motion that would toll the time to appeal and within which the court may grant plaintiff an extension to appeal under Fed. R. App. P. 4(a)(5) have expired.

5

Generally, "lack of notice of the entry [of an order or judgment] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed . . . ." Fed. R. Civ. P. 77(d)(2); *see also Jenkins*, 69 F.3d at 461–62 (explaining that the time for filing an appeal runs from the date of entry, which is the date of the entry on the docket, even where prisoner does not receive notice of the order until a later date). But, an exception exists under Fed. R. App. P. 4(a)(6). Fed. R. App. P. 4(a)(6) provides that a district court

> may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A)  the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B)  the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6); *see also* 28 U.S.C. § 2107(c) ("[T]he district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal."); Fed. R. Civ. P. 77(d)(2) ("Lack of notice . . . does not affect the time for appeal . . . except as allowed by Federal Rule of Appellate Procedure 4(a)."). Whether to reopen the time to appeal when the conditions under Rule 4(a)(6) are satisfied is within the district court's discretion. *See United States v. McKneely*, 519 F. App'x 517, 519 (10th Cir. 2013); *Ogden*, 32 F.3d at 455. And, the party seeking to reopen the time to

appeal—here, plaintiff—bears the burden to show compliance with Fed. R. App. P. 4(a)(6)'s requirements. *Portley-El v. Milyard*, 365 F. App'x 912, 916 (10th Cir. 2010).

While pro se pleadings are liberally construed, pro se litigants are obligated to comply with a court's procedural rules like timely filing appeals. *See Ogden*, 32 F.3d at 455. The court finds plaintiff has not established he meets the first requirement under Fed. R. App. P. 4(a)(6) here. Plaintiff asserts he did not receive notice under Fed. R. Civ. P. 77(d) of the court's Order.[4] *See* Doc. 44 at 4–5; Fed. R. App. P. 4(a)(6)(A). But, the docket reflects that the Clerk of the Court mailed copies of the Order and Judgment to plaintiff on July 23, 2019. ECF Nos. 42 & 43. And, that mail was never returned to the court as undeliverable. *See United States. v. Harris*, 342 F. App'x 418, 420–21 (10th Cir. 2009) (affirming under abuse of discretion standard the district courts "well-founded justification[]" to deny the Rule 4(a)(6) extension where one basis for denial was the fact that the clerk had mailed a copy of the order to prisoner proceeding pro se and it was never returned undeliverable); *Ogden*, 32 F.3d at 455 (affirming under abuse of discretion standard district court's determination that the requirements of a Rule 4(a)(6) extension were not met where "court records revealed that a copy of the order dismissing plaintiff's case had been sent to [plaintiff] and never returned as undeliverable"). So, the court concludes plaintiff has not met his burden to show compliance with Fed. R. App. P. 4(a)(6)'s requirements. The court thus denies plaintiff's request to reopen the time to file an appeal.

---

[4] Plaintiff contends he learned of the Order from pleadings filed in another case in the United States District Court for the Central District of California, *Howard v. Farmers Insurance Company Inc., et al.*, No. 12-01068. Upon review of the California docket, it appears this court's dismissal Order was referenced in a motion to dismiss for failure to prosecute filed by defendants on September 27, 2019 (Doc. 281 at 5).

### III. Conclusion

In sum, the court is without authority to grant plaintiff's requested extension of time to file a Rule 59(e) or Rule 60(b) motion. The court thus denies plaintiff's Motion to File a Fed. R. Civ. P. 59(e) or 60(b) Motion Out of Time to the extent it seeks such relief. The court grants plaintiff's Motion for Copy of Memorandum and Order requesting a copy of the court's July 23, 2019 Memorandum and Order. Finally, the court denies the portion of plaintiff's motion that the court liberally construes as requesting the court to reopen the time to file an appeal.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the portion of plaintiff's motion (Doc. 44) seeking to file a Fed. R. Civ. P. 59(e) or 60(b) motion out of time is denied.

**IT IS FURTHER ORDERED THAT** the portion of plaintiff's motion (Doc. 44) seeking a copy of the court's previous Order is granted. The court directs the Clerk of the Court to mail plaintiff a copy of the court's previous July 23, 2019 Order (Doc. 42) and this Order.

**IT IS FURTHER ORDERED THAT** the portion of plaintiff's motion (Doc. 44) requesting the court reopen the time to file an appeal under to Fed. R. App. P. 4(a)(6) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of December, 2019, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**