IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DERRICK HOWARD,**

    **Plaintiff,**

v.

**FARMERS INSURANCE COMPANY, INC., MID-CENTURY INSURANCE COMPANY, GREGORY SCHER, WOLLS PEER DOLLINGER & SCHER, and KIMBERLY HASKINS,**

    **Defendants.**

Case No. 18-4011-DDC-GEB

## MEMORANDUM AND ORDER

Plaintiff is incarcerated and proceeds pro se.[1] He asserted fraudulent misrepresentation, breach of contract, vexatious refusal of insurance coverage, and civil conspiracy claims against defendants. *See* Doc. 1. On July 23, 2019, the court granted defendants' Motions to Dismiss and entered judgment dismissing plaintiff's case. Docs. 42 & 43. On October 21, 2019, plaintiff filed a Motion to File a Fed. R. Civ. P. 59(e) or 60(b) Motion Out of Time. Doc. 44. The court denied plaintiff's motion on December 4, 2019. Doc. 47. The court explained that the Federal Rules of Civil Procedure do not permit extensions of time for filing motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgment under Rule 60(b), so "the court lacks authority to grant plaintiff's request for an extension." Doc. 47 at 2–4. The court also liberally construed plaintiff's motion as one that sought an extension of time to file an appeal

---

[1] Because plaintiff proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Hall*, 935 F.2d at 1110.

under Federal Rule of Appellate Procedure 4(a)(6).  *Id.* at 6.  But, the court concluded plaintiff did not meet his burden to merit reopening the time to file an appeal.  *Id.* at 6–7.

This matter now comes before the court on plaintiff's Motion for Reconsideration Pursuant to Fed. R[.] Civ[.] P. 59(e) (Doc. 48).  Plaintiff disagrees with the court's conclusion that he did not meet his burden to show compliance with Rule 4(a)(6)'s requirements to reopen the time to file an appeal, and asks the court to reconsider that decision.  Doc. 48 at 2.  Defendants oppose plaintiff's motion.  Doc. 49.  Plaintiff has not filed a reply and the time to do so has expired.  For reasons explained below, the court denies plaintiff's motion.

*First*, plaintiff's motion invokes Federal Rule of Civil Procedure 59(e).  Doc. 48 at 1.  Rule 59(e) permits a party to move to alter or amend a judgment when the court "'has misapprehended the facts, a party's position, or the controlling law.'"  *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  As the court explained in its previous Order, the time for plaintiff to file such a motion to alter or amend the judgment—which was entered on July 23, 2019—long ago expired.  *See* Doc. 47 at 2.  So, the court denies plaintiff's motion seeking reconsideration under Rule 59(e).

But, because plaintiff proceeds pro se, the court liberally construes plaintiff's motion as a motion to reconsider the court's December 4, 2019 Memorandum and Order under D. Kan. Rule 7.3(b).  This Rule permits a party "seeking reconsideration of non-dispositive orders" to file a motion to reconsider "within 14 days after the order is filed unless the court extends the time."  D. Kan. Rule 7.3(b).

*Second*, and even liberally construing plaintiff's motion to seek reconsideration of the December 4, 2019 Order, plaintiff's motion is untimely under our court's local rules governing motions to reconsider. While pro se pleadings are liberally construed, pro se litigants are obligated to comply with a court's procedural rules like timely filing appeals. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). And, the time for filing an appeal or motion to reconsider runs from the date of the court's order. *See, e.g.*, D. Kan. Rule 7.3(b); *Jenkins v. Burtzloff*, 69 F.3d 460, 461–63 (10th Cir. 1995) (concluding that "date of entry" means date entered on docket, not date litigant receives notice of order).

Plaintiff certifies under penalty of perjury that he delivered his motion to reconsider to prison officials for mailing on December 23, 2019. Doc. 48 at 7. The court received the motion on January 21, 2020. Doc. 48-2 at 1. Even assuming the prison mailbox rule applies[2] and calculating the date of filing based on the date when plaintiff delivered his motion to prison officials for mailing, the motion was filed 19 days after the court's Order. This is outside the permissible 14-day period to move for reconsideration. *See United States v. Green*, 625 F. App'x 901, 906 (10th Cir. 2015) (affirming district court's decision to deny motion to reconsider as untimely where district court issued its initial order on February 24 and defendant did not file is reconsideration motion until April 9); *Bloom v. McPherson*, No. 07-3258-SAC, 2012 WL 345919, at *2 (D. Kan. Feb. 1, 2012) (denying motion for reconsideration and explaining that,"[e]ven assuming application of the prison mailbox rule," where court's order was entered on February 28 and plaintiff's motion for reconsideration was filed on March 16, the motion was

---

[2]    The prison mailbox rule provides that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing before the filing deadline, even if the court doesn't receive the mailing before the deadline. *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005). It's not evident that the rule applies in this context, *i.e.*, a civil case that bears no connection to plaintiff's incarceration. But, the court assumes, without deciding, that it applies here, because—even if permitted the benefit of the rule—plaintiff still has failed to timely file his reconsideration motion.

3

"beyond the 14 days allowed by the court['s] rule" and also explaining that the motion lacked merit even if it had been filed timely); *cf. Houston v. Lack*, 487 U.S. 266, 270–276 (1988) (discussing rationale for applying prison mailbox rule to appeals in 28 U.S.C. § 2254 cases); *Price v. Philpot*, 420 F.3d 1158, 1163–66 (10th Cir. 2005) (discussing application of prison mailbox rule to filings in 42 U.S.C. § 1983 cases). The court thus denies plaintiff's motion as untimely under D. Kan. Rule 7.3(b).

*Last*, and assuming plaintiff timely had filed his motion to reconsider, the court still would deny plaintiff's motion. Plaintiff has not established that any of the three grounds meriting reconsideration exist. Motions to reconsider under D. Kan. Rule 7.3(b) "must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). "A motion to reconsider is only appropriate where the [c]ourt has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence." *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-KHV, 2012 WL 5907461, at *1 (D. Kan. Nov. 26, 2012); *see also Servants of Paraclete*, 204 F.3d at 1012. It is "not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed." *Skepnek*, 2012 WL 5907461, at *1. Finally, "[w]hether to grant a motion to reconsider is left to the [c]ourt's discretion." *Id.*

Liberally construing plaintiff's motion, he asserts reconsideration is necessary to correct clear error or prevent manifest injustice. *See* Doc. 48 at 2 (arguing the court's conclusion "simply [was] wrong" and "in the interest of justice" the court should "reopen the time to file an appeal"). He argues that the Bureau of Prisons' policy requires logging all legal mail and for

4

inmates to sign the log when the mail is received, but "no record or log sheet" exists showing that plaintiff received the court's Order ruling the motions to dismiss. *Id.* at 3. He speculates that the Order could have been lost in the mail or lost by the prison itself. *Id.* And, he asserts he "should only have to show that he did not receive said order of dismissal." *Id.*

As the court already explained, plaintiff bears the burden under Fed. R. App. P. 4(a)(6)(A) to show he did not receive the judgment or order he seeks to appeal. Doc. 47 at 6–7. Because plaintiff had not met his burden, the court denied his motion for an extension of time to file his appeal. *Id.* With plaintiff's motion to reconsider that ruling here, plaintiff again asserts he never received the court's July 23, 2019 Order granting defendants' motions to dismiss and contends that prison mail log evidence will prove this assertion. Doc. 48 at 4–5. He requests the court "grant [him] a [s]ubpoena for the prison mail logs for the months of July and August 2019." *Id.*

But, motions to reconsider may be based only on *new* evidence. The mail log evidence existed when plaintiff filed his first post-judgment motion, which the court liberally construed as a request to reopen the time to appeal. Plaintiff did not provide the mail log or any other evidence to support his assertion that he never received the court's July 23, 2019 Order with that motion. *Cf. Blake v. Aramark Corp.*, 489 F. App'x 267, 268–69 (10th Cir. 2012) (explaining, in the context whether plaintiff satisfied the prison mail box rule, the various types of evidence that plaintiff could have provided to show his appeal timely was filed, including a declaration under penalty of perjury or a copy of the prison mail log, but dismissing his appeal because plaintiff had not provided the required evidence). And likewise, plaintiff here does not explain why he—

through due diligence as part of his earlier motion—could not have secured the mail log (or sought a subpoena to secure this evidence, if unavailable without a subpoena).³

And, in its December 4, 2019 Order, the court did not misapprehend plaintiff's position, the facts, or the law. As the court explained, Tenth Circuit precedent supports a finding that Rule 4(a)(6)'s requirements were not met if court records show a copy of the order was mailed to the plaintiff and never returned as undeliverable. *See* Doc. 47 at 7. Indeed, the facts in *Ogden* are similar to the facts here. The *Ogden* plaintiff filed an untimely appeal asserting that he did not receive notice of the district court's order dismissing the case. *Ogden*, 32 F.3d at 454. The Tenth Circuit remanded the matter to the district court to determine if the time period to file a notice of appeal should be reopened under Rule 4(a)(6). *Id.* On remand, the district court "determined it would not reopen the time for filing a notice of appeal" because court records showed a copy of the order was mailed to plaintiff and never returned as undeliverable. *Id.* Plaintiff then asked the district court to reconsider that decision, which the court denied. *Id.*

Mr. Ogden appealed both decisions to the Tenth Circuit. *Id.* But, the Tenth Circuit found "no abuse of discretion" in the district court's holding that "Mr. Ogden failed to meet the requirements for granting [ ] an extension because court records revealed that a copy of the order dismissing his case had been sent to Mr. Ogden and never returned as undeliverable." *Id.* at 455. The Circuit also affirmed the district court's decision denying the motion to reconsider. *Id.*

---

³ It appears some prisoners can secure a mail log through their own efforts. *See, e.g.*, *Dixon v. Hartley*, 597 F. App'x 470, 471–72 (10th Cir. 2014) (where plaintiff submitted mail log from state prison to show appeal was timely under prison mailbox rule after court directed him to file a declaration or notarized statement about the timing of his filing); *Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007) (noting prisoner used the prison's legal mail system and "fil[ed] a copy of the prison's legal mail log with th[e] court" permitting him to use the prisoner mailbox rule); *Fleenor v. Scott*, 37 F. App'x 415, 417 n.1 (10th Cir. 2002) (where state prisoner "produced a prison mail log" to support his contention that his appeal was timely filed); *Garza v. LCMHF*, No. 09-3112-SAC, 2009 WL 1734912, at *3 (D. Kan. June 19, 2009) (noting that exhibits filed with plaintiff's Complaint showed prison officials with Kansas Department of Corrections provided prisoner with his mail logs when requested).

And, the Tenth Circuit since has cited *Ogden* with approval. *See United States v. Harris*, 342 F. App'x 418, 420–21 (10th Cir. 2009) ("When court records revealed that a copy of the order . . . had been sent to [the defendant] and never returned as undeliverable, there is no abuse of discretion in finding that the defendant had received timely notice." (citing *Ogden*, 32 F.3d at 455) (internal quotation marks omitted)).

Here, the court similarly concluded that plaintiff did not meet the requirements for an extension because the record reveals a copy of the July 23, 2019 Order was sent to plaintiff and never returned as undeliverable. Doc. 47 at 7. Plaintiff presented no evidence to the contrary. The court's findings in its December 4, 2019 Order thus did not misapprehend plaintiff's position, the facts, or the law. And, the court finds no clear error or manifest injustice meriting reconsideration here.

In sum, the prison mail logs plaintiff contends will show he satisfies Rule 4(a)(6)'s requirements are not new evidence that was unavailable when plaintiff filed his first post-judgment motion. Plaintiff merely is attempting to reassert arguments that he raised before based on evidence that existed and could have been secured earlier through the exercise of due diligence. And, the court finds no clear error or manifest injustice here. The court thus also denies plaintiff's motion on its merits under D. Kan. Rule 7.3(b).

For all these reasons, the court denies plaintiff's Motion for Reconsideration (Doc. 48).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Reconsideration (Doc. 48) is denied.

**IT IS SO ORDERED.**

**Dated this 22nd day of April, 2020, at Kansas City, Kansas.**

<pre>                                        s/ Daniel D. Crabtree        
                                        Daniel D. Crabtree
                                        United States District Judge</pre>